**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Arturo Carlos FIGUEROA–OCAMPO,
Defendant–Appellant.**

No. 05–50777.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed March 14, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*

Defendant–Appellant Arturo Carlos Figueroa–Ocampo appeals his sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C.

§ 1291. We vacate Figueroa–Ocampo's sentence and remand to the district court for resentencing.

The district court sentenced Figueroa–Ocampo to thirty-seven months imprisonment followed by three years of supervised release. In imposing Figueroa–Ocampo's sentence, the district court applied an eight-point sentence enhancement based on Figueroa–Ocampo's prior conviction for possession of cocaine base in violation of California Health and Safety Code § 11350(a).

The district court determined that Figueroa–Ocampo's prior simple possession conviction, a felony under California law but a misdemeanor under the Controlled Substances Act, is a "felony punishable by the Controlled Substances Act." Accordingly, the district court determined that Figueroa–Ocampo's prior conviction is an aggravated felony under 8 U.S.C. § 1326(b)(2) meriting an eight-point sentence enhancement. On appeal, Figueroa–Ocampo challenges the district court's classification of his prior conviction.[1]

■ "[A] state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez v. Gonzales,* — U.S. —, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006). Thus, under *Lopez,* the district court erred in categorizing Figueroa–Ocampo's simple possession conviction as a "felony punishable by the Controlled Substances Act," and an aggravated felony for sentence enhancement purposes.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On January 31, 2006, Figueroa–Ocampo completed serving his thirty-seven month sentence and was released to serve his three-year term of supervised release. Figueroa–Ocampo was also deported to Mexico.

Moreover, the district court erroneously determined that Figueroa–Ocampo faced a twenty-year statutory maximum under 8 U.S.C. § 1326(b)(2) instead of a ten-year maximum under 8 U.S.C. § 1326(b)(1). *See* 8 U.S.C. § 1326(b)(1)–(2). His three-year term of supervised release was also calculated based on the wrong statutory provision.

"[W]here a defendant has received a sentence that includes a period of supervised release, a challenge to the length of his sentence of imprisonment is not moot because the district court has discretion regarding the length of supervised release, *see* 18 U.S.C. § 3583(a)–(b), and can change the supervised release period, *see* § 3583(e)(2)." *United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir.2006) (noting that "the district court could resentence [the defendant] to a shorter term of supervised release in light of a shorter appropriate term of imprisonment").

The Sentencing Guidelines provide different terms of supervised release for crimes under § 1326(b)(1) and § 1326(b)(2). *Compare* U.S.S.G. § 5D1.2(a)(1) ("[a]t least three years but not more than five years" of supervised release), *with* U.S.S.G. § 5D1.2(a)(2) ("[a]t least two years but not more than three years" of supervised release). Accordingly, it is possible that the district court would have imposed a shorter term of supervised release if it had sentenced Figueroa–Ocampo under § 1326(b)(1) instead of § 1326(b)(2). *See Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir.2001) (holding that the possibility of relief is sufficient to prevent mootness).

We therefore **VACATE** Figueroa–Ocampo's sentence, and **REMAND** to the district court for resentencing Figueroa–Ocampo in light of this decision and the Supreme Court's decision in *Lopez v. Gonzales*, —— U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006).

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.